**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DEIYER SNEIDER ORREGO ORREGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | **Civil Action No.** |
| v. ) | **26-10260-BEM** |
| ) | |
| PATRICIA HYDE, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER ON**
**PETITIONER'S MOTION FOR ATTORNEY'S FEES AND EXPENSES UNDER THE**
**EQUAL ACCESS TO JUSTICE ACT**

**MURPHY, J.**

Petitioner Deiyer Sneider Orrego Orrego ("Petitioner") filed a petition for a writ of habeas corpus challenging his immigration detention. This Court granted the petition in part and ordered that Petitioner receive a bond hearing under 8 U.S.C. 1225(b)(1) ("section 1225(b)"). Petitioner now seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, the Court will grant Petitioner's motion.

## I.      Background

Petitioner entered the United States without inspection in July of 2022. Dkt. 1 ¶ 16. He was detained shortly thereafter and, after an asylum officer found he had a credible fear of persecution, Dkt. 1-4 at 1, was released on parole, Dkt. 1-5; *see also* Dkt. 1 ¶¶ 17–18. On November 1, 2025, Petitioner was charged with three driving-related offenses under Connecticut state law. Dkt. 1 ¶ 19. Petitioner was then detained by immigration officers on November 14, 2025. Dkt. 1 ¶ 20. Petitioner sought a bond hearing, but the Immigration Judge concluded that

she did not have jurisdiction over the bond proceedings because Petitioner was detained under section 1225(b).  Dkt. 1 ¶ 21.

Petitioner subsequently filed a petition for writ of habeas corpus, arguing that the "facts in this case are virtually indistinguishable from those in *Rincon v. Hyde*, [810 F. Supp. 3d 101 (D. Mass. 2025)]," in which this Court concluded that a habeas petitioner detained under section 1225(b) was entitled to a bond hearing pursuant to Fifth Amendment's due process guarantee.  Dkt. 1 at 1–2.  Respondents filed an abbreviated response, stating that they "respectfully disagree[d] with the Court's prior decisions" in *Rincon*, 810 F. Supp. 3d 101, and *Tenemasa-Lema v. Hyde*, 810 F. Supp. 3d 244 (D. Mass. 2025), but "acknowledg[ing] that, should the Court follow its reasoning in these cases, the Court would likely find that . . . Petitioner's detention without a bond hearing violates his due process rights."  Dkt. 7 at 2.  For the reasons stated in those two cases, the Court granted the petition in part and ordered that Petitioner receive a bond hearing.  Dkt. 8.

## II.    <u>Legal Framework</u>

EAJA provides "an exception to th[e] rule" that "each party is usually required to bear its own attorneys' fees." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 56 (1st Cir. 2013).  Specifically, EAJA mandates that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### III.    Discussion

#### 1.    Prevailing Party in a Civil Action

Respondents do not dispute that Petitioner was a "prevailing party" in this case, where Petitioner was granted a bond hearing. *See generally* Dkt. 11. Respondents argue, however, that habeas proceedings are not "civil actions" for the purposes of EAJA. *Id.* at 4. Respondents emphasize that "'EAJA is a limited waiver of sovereign immunity,'" and that such waiver "'must be unequivocally expressed in statutory text . . . and will not be implied.'" *Id.* (first quoting *Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2023); then quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Because EAJA does not define "civil action," Respondents contend that any ambiguity—including whether habeas actions are "civil actions"—must be construed in favor of the government. Dkt. 11 at 4.

The circuits are split as to this question; the First Circuit has yet to weigh in. The Second, Third, Ninth, and Tenth Circuits consider immigration habeas cases to be civil actions for the purposes of EAJA fee awards. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 431 (3d Cir. 2026) ("[I]n context—preceded by 'any,' followed by a torts exception, and situated in a body of law where 'any civil action' includes habeas save where explicitly excluded— the EAJA's 'civil action' provision clearly covers habeas actions pursuant to 28 U.S.C. § 2241."), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) ("[H]abeas is civil. . . . Immigration detention is an aspect of the deportation process. In turn, a deportation proceeding itself is a purely civil action. As a result, immigration detention is civil. Because both habeas and the underlying immigration proceedings are civil, habeas actions challenging immigration detention are purely civil." (internal quotation marks omitted)), *rehearing en banc denied*, No. 1:22-cv-03043, Dkt. 31 (10th Cir. Apr. 3, 2026); *Vacchio v. Ashcroft*, 404 F.3d 663, 668, 672 (2d Cir. 2005) (holding that "the EAJA term 'civil actions' includes

3

*immigration* habeas petitions" in part because "an immigration habeas petition . . . is both a civil action in its own right, and . . . has its roots in a civil action" (emphasis in original)); *In re Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985) (distinguishing challenges to criminal custody and noting that the purposes of "EAJA are served by characterizing this particular [immigration] proceeding as a civil action").

The Fourth and Fifth Circuits, however, construe immigration habeas cases as "hybrid" actions that do not fit neatly the civil-criminal binary and therefore do not award fees under EAJA to prevailing petitioners in such actions. *See Barco*, 65 F.4th at 785 (5th Cir. 2023) ("Since a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique, a category unto itself[,] it is not purely a civil action, and the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." (internal quotation marks omitted)); *Obando-Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021) ("Those dual [civil and criminal] aspects, as well as the differences between habeas proceedings and normal civil actions, render habeas proceedings as a whole 'hybrid' proceedings and dictate that Obando's application for the writ of habeas corpus is not unambiguously a 'civil action.'"). This Court is persuaded by the majority approach as articulated by the Third and Tenth Circuits and concludes that habeas actions are civil actions for the purposes of EAJA.[1]

---

[1] Other courts in this District have previously awarded EAJA fees in the context of immigration habeas petitions. *See, e.g.*, *Canel Ajbal v. Wesling*, No. 1:26-cv-10190-LTS, Dkt. 27 (D. Mass. Mar. 27, 2026); *Geegbae v. McDonald*, 2011 WL 841237, at *1 (D. Mass. Mar. 8, 2011); *Tang v. Chertoff*, 689 F. Supp. 2d 206, 219 (D. Mass. 2010); *Oscar v. Gillen*, 595 F. Supp. 2d 166, 171 (D. Mass. 2009); *see also Ortega v. Hodgson*, 2012 WL 1658931, at *3 n.2 (D. Mass. May 10, 2012) (acknowledging that "EAJA's 'civil action' requirement applies to habeas corpus petitions in the immigration context and thus applies to the instant case" but denying the motion for fees on other grounds).

### 2.    <u>Not Substantially Justified</u>

Respondents also contend that they were substantially justified in litigating the habeas petition at issue.  Dkt. 11 at 7–14.  The First Circuit has explained that:

> It is well-settled that the government bears the burden of establishing that its position was substantially justified.  The government needs to satisfy this burden by a preponderance of the evidence, and it must justify the positions it took both during the litigation and the agency proceedings that preceded that litigation.  These positions must have a reasonable basis in both law and fact.

*Castaneda-Castillo*, 723 F.3d at 73 (citations omitted).

Here, Respondents' position did not have a "reasonable basis in . . . law."  *Id*.  In Respondents' own response to Petitioner's habeas petition, Respondents conceded that:

> Although Respondents respectfully disagree with the Court's prior decisions referenced herein, [*Rincon v. Hyde*, 810 F. Supp. 3d 101, and *Tenemasa-Lema v. Hyde*, 810 F. Supp. 3d 244,] Respondents acknowledge that, should the Court follow its reasoning in these cases, the Court would likely find that that ICE detention authority remains 8 U.S.C. § 1225(b)(1), but that, in this instance, Petitioner's detention without a bond hearing violates his due process rights.

Dkt. 7 at 2.  Respondents strain logic to argue both that the issues in Petitioner's case were so directly parallel to those in *Rincon* and *Tenemasa-Lema* as to justify submitting an abbreviated response to the petition, *and* that their opposition was substantially justified, notwithstanding multiple opinions from this Court to the contrary.  Indeed, Respondents had repeatedly taken the same position before this Court—while recognizing that the contrary outcome is dictated by *Rincon* and *Tenemasa-Lema*—and repeatedly failed to prevail.  *See, e.g.*, *Kiyang v. Wesling*, No. 1:26-cv-10066-BEM, Dkt. 11 (Jan. 16, 2026); *Quintero v. Moniz*, No. 1:25-cv-13991-BEM, Dkt. 10 (Jan. 6, 2026); *Suarez-Mejia v. Moniz*, No. 1:25-cv-13954, Dkt. 7 (Jan. 5, 2026).  Respondents are free to disagree with this Court and, time and again, take a contrary position.  But this Court is hard pressed to find that Respondents, in such circumstances, "ha[d] a reasonable basis in law for the theories advanced."  *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir. 1985).

### 3.   Calculation of Fees

EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."  8 U.S.C. § 2412(d)(2)(A).  The First Circuit has previously approved using the Annual Consumer Price Index for all Urban Consumers ("CPI–U") to calculate cost-of-living adjustments, *see Castaneda-Castillo*, 723 F.3d at 76–77, as Petitioner suggests, Dkt. 10 at 7.  Accordingly, based on the 2026 CPI-U for the Boston region, Petitioner seeks $269.28 per hour, for a total of $2,046.45 in legal fees and $140.98 in costs, *see id.*, which the Court finds reasonable and will award.[2]

## IV.   Conclusion

For the foregoing reasons, Petitioner's motion for attorney's fees and expenses is GRANTED.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: May 27, 2026                     Judge, United States District Court

---

[2] Respondents waive any opposition to Petitioner's calculation by, in a footnote, purporting to "reserve the right to address the issue of reasonableness of attorneys' fees requested in Petitioner's EAJA Motion as it would be a waste of this Court's and Respondents' time and resources should this Court deny the EAJA Motion at the outset." Dkt. 11 at 17 n.7.  *Cf. P.R. Tel. Co., Inc. v. San Juan Cable LLC*, 874 F.3d 767, 770 (1st Cir. 2017) ("We have repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived.").